## BEECH HILL DISTILLING CO. v. TOLIVAR. (No. 1432.)

(Court of Civil Appeals of Texas. Beaumont. Nov. 17, 1926.)

**1. Appeal and error ⬳759—Failure to bring forward in brief assignments of error filed in trial court is waiver thereof.**

Assignments of error filed in trial court, but not brought forward as such in appellant's brief, are waived.

**2. Appeal and error ⬳759—Where brief contains no assignments of error, appellate court will not review judgment except as to fundamental error.**

In absence of assignments of error in brief, appellate court will not review judgment except as to fundamental error apparent on face of record.

Appeal from *Jefferson County Court; O. N. Ellis, Judge.

Action by the Beech Hill Distilling Company against C. R. Tolivar. Judgment for defendant, and plaintiff appeals. Affirmed.

O'Fiel & Reagan, of Beaumont, for appellant.

Howth, Adams & Hart, of Beaumont, for appellee.

HIGHTOWER, C. J. Appellant, Beech Hill Distilling Company, of Cincinnati, Ohio, filed this suit in the county court of Jefferson county at law against appellee to recover the price of two shipments of liquor alleged to have been purchased by and delivered to appellee in September, 1911, and January, 1912. Appellee denied the purchase of the liquor by him, and denied that it was purchased by any one for him with his authority, and interposed other matters unnecessary to further state.

Appellant replied that the two shipments of liquor were consigned to one Sam Jones, as manager of a saloon for appellee in the city of Beaumont, and, in substance, that Jones was the authorized agent of appellee to purchase the liquor for him, and, further, that Jones had apparent authority to purchase the liquor for appellee, if he was not in fact expressly authorized to do so. These were the issues, substantially, made by the pleadings between the parties, and the cause was tried with a jury and submitted upon special issues, which were answered in favor of appellee and judgment rendered accordingly.

We find in appellant's brief at the commencement certain points or propositions advanced for reversal of the judgment, these points or propositions being, in substance, that the jury's verdict is unsupported by the evidence and contrary to law, and that the trial court committed error in the form of the issues submitted and in refusing to submit issues requested by appellant, and in refusing a peremptory instruction for appellant.

[1, 2] If there were any assignments of error filed in the trial court, they have not been brought forward as such in appellant's brief and are therefore waived. All of our appellate courts have held that the new rules for briefing, as we call them, did not dispense with the necessity of bringing forward in appellant's brief such assignments of error as are relied on for reversal of the judgment, and, although there may be advanced points or propositions, they cannot take the place of or dispense with the necessity of bringing forward in the brief the assignments of error to which the points or propositions relate; and, in the absence of assignments of error in the brief, the appellate court will not review the trial court's judgment, except as to fundamental error apparent on the face of the record, and no such error is suggested in this case, nor have we found any. It follows that the judgment of the trial court should be affirmed, and it has been so ordered.

## ROBERTSON et al. v. GONZALES et ux. (No. 401.)

(Court of Civil Appeals of Texas. Waco. Oct. 14, 1926. Rehearing Denied Nov. 11, 1926.)

**Appeal and error ⬳759—In absence of assignments of error in appellants' brief, fundamental error only can be considered.**

Court of Civil Appeals can consider only fundamental error, where there are no assignments of error contained in appellants' brief.

Appeal from Johnson County Court; O. B. McPherson, Judge.

Action between E. W. Robertson and others, and P. G. Gonzales and wife. Judgment for the latter, and the former appeal. Affirmed.

Warren & Russell, of Cleburne, for appellants.

Jackson & Jackson, of Cleburne, for appellees.

BARCUS, J. This is an appeal from a judgment rendered for appellees on an instructed verdict by the trial court. There are no assignments of error contained in appellants' brief. We can therefore consider only fundamental error. Paris v. Estes (Tex. Civ. App.) 283 S. W. 529. There is no fundamental error apparent of record which would authorize this court to reverse the judgment of the trial court.

Appellants present only two propositions in their brief, and neither of them is supported by any assignment of error copied in the brief. We have, however, examined each of said propositions and do not think they show any reversible error.

The judgment of the trial court is affirmed.